FILED
SUPERIOR COURT
OF GUAM

2023 APR 25 PM 4: 22

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ANTHONY RAYMOND ULLOA<br>as Trustee of the Byong H. Kang Trust,<br><br>Plaintiff,<br><br>vs.<br><br>SUK HOON PAUL KANG and<br>SUK JIN ANDREW KANG,<br><br>Defendants. | **Superior Court Case No. CV0075-22**<br><br>**DECISION AND ORDER GRANTING<br>MOTION TO DISMISS** |

In this action seeking to appoint a successor trustee of the Byong H. Kang Trust, the Court addresses Defendants Suk Hoon Paul Kang and Suk Jin Andrew Kang's Motion to Dismiss. Defendants contend that Plaintiff Anthony Raymond Ulloa lacks standing to seek such an appointment. Because Ulloa resigned as the Trustee due to his inability to serve, the Court agrees that Ulloa lacks standing to bring this matter and GRANTS the Motion to Dismiss.

### I. Factual and Procedural Background

In the Second Amendment to Declaration of Trust of the Byong H. Kang Trust, Mr. Kang amended the provisions of the original Declaration of Trust regarding successor Trustees. Compl., Ex. D at § 1 (Feb. 1, 2022). He specified that he was the Trustee, and then appointed Ulloa as the successor Trustee. Then, "[i]f and only if [Mr. Kang and Ulloa] should die or refuse, or are disqualified or incapable, or otherwise fail to act as Trustee hereunder," then Paul would succeed Ulloa and Andrew succeed Paul. *Id.* at § 6.01(a) - (c).

## ORIGINAL

The Second Amendment also confirmed that all other remaining terms of the original Declaration of Trust remained in full force and effect. *Id.* at § 3. One such provision, § 6.10, included the provision governing resignations, which states: "[s]hould an individual Trustee become incompetent, or otherwise become unable to carry out the duties of Trustee by reason of physical or mental illness or infirmity (in the written determination of the majority of the persons specified above to receive notice of a Trustee's resignation), such individual shall be deemed conclusively to have resigned hereunder without the necessity for any notice." *Id.*, Ex. A at § 6.10.

The Second Amendment did not alter section 6.10, but it supplied a process in the event notice of removal was needed. "The fact of death, refusal, disqualification, or incapability of the Trustor to act as Trustee, or of any successor Trustee, as provided in this Section 6.01, shall be made, determined, and confirmed, by the vote, in writing, by at least the majority of the surviving Primary Beneficiary, Secondary Beneficiary, or Secondary Beneficiaries, as applicable . . . ." *Id.*, Ex. D at § 6.01(e). The original Declaration of Trust names Sin Jae Kang as the Primary Beneficiary. *Id.*, Ex. A at § 3.01. Ulloa concedes, however, that Sin Jae assigned her interest to Paul and Andrew. *Id.* ¶ 8, Ex. B.

Upon Mr. Kang's death, Ulloa assumed his role as Trustee. *Id.* ¶ 14. However, Ulloa admits he can no longer serve as trustee due to medical conditions. *Id.* ¶ 28. In turn, Ulloa filed the present Complaint seeking to appoint a successor trustee. *Id.*

In response, Defendants moved to dismiss the action. They assert that Ulloa is no longer the Trustee and the action is unnecessary because the Trust addresses the issue of the appointment of a successor trustee.[1] Mot. Dismiss (Aug. 26, 2022). Ulloa opposes and argues

---

[1] The Court declines to review Paul's and Andrew's argument that Ulloa failed to state a claim for relief. During the hearing on this motion, Paul and Andrew conceded that Ulloa stated a claim for which relief could be granted.

ORIGINAL

that under 18 GCA § 66203, he is not discharged until he exercises ordinary care and diligence in securing a successor trustee. Opp. Mot. Dismiss 8–10 (Sept. 23, 2022).

## II. Law and Discussion

"Standing is a threshold jurisdictional matter." *Guam Imaging Consultants, Inc. v. Guam Mem'l Hosp. Auth.*, 2004 Guam 15 ¶ 17. The question of standing focuses on who may bring an action. *Benavente v. Taitano*, 2006 Guam 15 ¶ 14. The relevant inquiry is "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). A Plaintiff can acquire standing through either Article III of the Constitution or a statutory grant. *Benavente*, 2006 Guam 15 ¶ 18. "To establish constitutional standing, a party must show: (1) it has suffered an injury in fact; (2) that the injury can be fairly traced to the challenged action taken by the defendant; and (3) that is likely and beyond mere speculation that a favorable decision will remedy the injury sustained." *DFS Guam L.P v. The A.B. Won Pat International Airport Authority, Guam*, 2019 Guam 6 ¶ 17 (internal quotations omitted). "As a general rule, the trustee is the real party in interest with standing to sue and defend on the trust's behalf." *Hemlani v. Melwani*, 2021 Guam 26 ¶ 26.

The Court first examines whether Ulloa still acts as the Trustee, with the ability to sue on the Trust's behalf. Ulloa has repeatedly stated that he can no longer serve as the Trustee based on a medical condition. Under the wording of the trust, this would automatically remove him as the Trustee based on a physical illness: "[i]f and only if . . . Ulloa . . . refuses, or is . . . incapable, or otherwise fail to act as Trustee hereunder, then Suk Hoon Paul Kang is hereby appointed as the successor Trustee hereunder." Compl., Ex. D § 6.01(b).

Even beyond an automatic resignation, the Declaration of Trust provides a process for removal. The Declaration of Trust expounds that "in the written determination of the majority of

ORIGINAL

the persons specified . . . to receive notice of a Trustee's resignation," a successor trustee could be deemed "incompetent, or otherwise become unable to carry out the duties of Trustee." *Id.*, Ex. A § 6.10. The Trust names the successor trustees, Andrew and Paul, as the parties to whom notice is required; further, they are now also the Primary Beneficiaries entitled to make a determination about a Trustee's incompetence and resignation. *Id.* at Ex. A § 6.10, Ex. D § 6.01. Through the filing of the Motion to Dismiss, Paul and Andrew provided the required written determination that Ulloa resigned from his position as the Trustee due to his inability to serve. Thus, two significant events have occurred: Ulloa is incapable and/or refuses to act as Trustee rendering his resignation automatic, and the successor Trustees/Primary Beneficiaries have made a written determination of Ulloa's incompetency to serve. By the language of the Declaration of Trust, the requirements for Ulloa's removal as the Trustee are satisfied.

The Court next reviews Ulloa's argument that he has not been removed as successor trustee as 18 GCA § 6603 requires him to secure the appointment of a successor before his discharge. Section 6603 states, "[i]f a trustee *procures* or *assents* to his discharge from his office, before his trust is fully executed, he must use at least ordinary care and diligence to secure the appointment of a trustworthy successor before accepting his own final discharge." The language of this statute appears to address a voluntary resignation and the duties associated with such resignation. However, in this case, Ulloa "resigned" due to a physical illness making him unable to serve as trustee. Therefore, this statute does not apply to the current situation as Ulloa did not procure or assent to his discharge. Moreover, if the Court were to accept this argument and apply this statute to Mr. Kang's trust, it would be facilitating the violation of other provisions in the statute related to trusts that require the trustee to abide by the Declaration of Trust and the

ORIGINAL

general legal principle that the Declaration should be obeyed. 18 GCA § 66201; Restatement Third, Trusts § 70, 76.

## III.    Conclusion and Order

Due to his inability to serve and the determination of his incompetency made by the successor Trustees, Ulloa is no longer the Trustee of the Byong H. Kang Trust. By vacating his Trusteeship, Ulloa lacks standing to pursue this Complaint. Accordingly, the Court GRANTS Andrew's and Paul's Motion to Dismiss and dismisses the Complaint.

SO ORDERED this 25th day of April 2023.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

E-MAIL
...nowledge that an electronic
...py of the original was e-mailed to:
Brooks
Razzano
Date:_____Time:____4/25/23
Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Georgette Bello Concepcion, Esq., Brooks Concepcion Law, P.C., for Plaintiff Anthony R. Ulloa
Joshua D. Walsh, Esq., Razzano Walsh & Torres, P.C., for Defendants Suk H.P. Kang and Suk
    J.A. Kang

ORIGINAL